UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ERIC ANTHONY JOHNSON,

        Plaintiff,

        v.                              Case No. 04-C-857

BRIAN J. SCHUELER,

        Defendant.

O R D E R

The plaintiff, Eric Anthony Johnson, who is currently incarcerated at the Green Bay Correctional Institution, filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 and was granted leave to proceed *in forma pauperis* on November 29, 2004. The plaintiff alleges that his Eighth Amendment right to be free of cruel and unusual punishment was violated when the defendant failed to protect him from physical harm from another inmate. The defendant has filed a motion for summary judgment which will be addressed herein.

FACTUAL BACKGROUND

On September 8, 2004, the plaintiff lodged a civil rights complaint against the Wisconsin Department of Corrections, Fox Lake Correctional Institution, Thomas Borgen, Capt. Pulver, Lt. Schulder, Thomas Gozinske, Karen Gourlie, and inmate Charles Williams. The plaintiff filed an amended complaint (complaint)

on September 17, 2004. On September 17, 2004, the Wisconsin Department of Corrections and Fox Lake Correctional Institution were terminated as defendants. On November 29, 2004, all defendants were dismissed except Lt. Schulder, and the plaintiff was allowed to proceed on his failure to protect claim.

Since filing this action, the plaintiff has been transferred from Fox Lake Correctional Institution (FLCI) to Green Bay Correctional Institution (GBCI). The defendant filed his motion to dismiss on January 21, 2005. The defendant's motion to dismiss was initially sent to the plaintiff's former address at FLCI. However, it appears that the defendant's motion to dismiss was forwarded to the plaintiff's current GBCI address. (Affidavit of Donald Cupery at II ¶10).

On March 25, 2005, the court notified the plaintiff that he had until April 8 to respond to the defendant's motion to dismiss. The plaintiff filed a motion on March 30 which purported to respond to the defendant's motion, but did nothing of the sort. Instead, the plaintiff asked for an oral argument so that he could have an "opportunity to refute" arguments made by the defendant. (Plaintiff's Response to Defendant's Motion to Dismiss dated March 30, 2005 at III ¶ 5).

On April 1, 2005, the court informed the plaintiff that he had until April 15 to file a written response to the defendant's motion to dismiss. On April 8, the plaintiff filed a document alleging that the defendant had failed to properly

investigate the March 25, 2004 incident and requested "a day in court to call witnesses and cross examine defendant, as well as present all evidence in said case matter." (Plaintiff's Response to Defendant's Motion to Dismiss dated April 8, 2005 at II-III ¶ 5).

On July 6, 2005, the court converted the defendant's motion to dismiss into a motion for summary judgment in accordance with Fed. R. Civ. P. 12(b), and instructed the plaintiff to present materials pertinent to the motion by August 5. On July 28, the plaintiff filed a document with the court in which he asserted that "[a]ll documents show that not only did plaintiff exhausted (sic) all administrative remedies, they will also show all the deliberate cover ups and delays forced on plaintiff." (Plaintiff's Response to Defendant's Motion for Summary Judgment at III ¶ 1).

1. Defendant's Motion

The defendant has filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). In support of his motion to dismiss, the defendant submits the affidavit of Thomas J. Gozinske, Institution Complaint Examiner at FLCI. The defendant also submits Wisconsin Department of Corrections Inmate Complaint Review System (ICRS) grievance records in support of his motion.

When ruling on a Rule 12(b)(6) motion to dismiss, the court must focus on the pleadings of the parties. If "matters outside the pleadings are presented to and

- 3 -
Case 2:04-cv-00857-JPS   Filed 09/01/05   Page 3 of 14   Document 36

not excluded by the court" in connection with a motion to dismiss for failure to state a claim, "the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such motion by Rule 56." Fed. R. Civ. P. 12(b).

In this case, the defendant has filed an affidavit in support of his motion. Thus, the motion to dismiss is properly treated as a motion for summary judgment. However, a district court cannot properly rule upon a motion for summary judgment without providing the opposing party a "reasonable opportunity" to contradict the material facts asserted by the movant. *Lewis v. Faulkner*, 689 F.2d 100, 101 (7th Cir. 1982). This means that a *pro se* prisoner, who is a plaintiff in a civil case, is entitled to receive notice of the consequences of failing to respond to a motion for summary judgment or to a motion to dismiss supported by affidavits. *Id.*

In this case, counsel for the defendant provided plaintiff with the required notice statement. The plaintiff was also provided with the text of the Federal Rules of Civil Procedure 56(e) and (f), as well as Civil Local Rules 7.1, 56.1 and 56.2 (E.D. Wis.). In addition, the plaintiff has received three letters from the court regarding the importance of filing a response. On March 25 and April 1 2005, the plaintiff was informed of the consequences of a failure to respond, and

on July 6, 2005, the plaintiff was given additional time to submit materials pertinent to the defendant's motion. Accordingly, the court finds that the plaintiff has been given notice and a fair opportunity to present counter-affidavits or other evidence in opposition to the defendant's motion.

## 2. Standard for Summary Judgment

Summary judgment is required "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The mere existence of some factual dispute does not defeat a summary judgment motion; "the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). For a dispute to be genuine, the evidence must be such that a "reasonable jury could return a verdict for the nonmoving party." *Id.* For the fact to be material, it must relate to a dispute that "might affect the outcome of the suit." *Id.*

Although summary judgment is a useful tool for isolating and terminating factually unsupported claims, *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986), courts should act with caution in granting summary judgment, *Anderson*, 477 U.S. at 255. When the evidence presented shows a dispute over facts that

might affect the outcome of the suit under governing law, summary judgment must be denied. *Id.* at 248.

The moving party bears the initial burden of demonstrating that he is entitled to judgment as a matter of law. *Celotex Corp.*, 477 U.S. at 323. Where the moving party seeks summary judgment on the ground that there is an absence of evidence to support the nonmoving party's case, the moving party may satisfy its initial burden simply by pointing out the absence of evidence. *Id.* at 325. Once the moving party's initial burden is met, the nonmoving party must "go beyond the pleadings" and designate specific facts to support each element of the cause of action, showing a genuine issue for trial. *Id.* at 323-24. Neither party may rest on mere allegations or denials in the pleadings, *Anderson*, 477 U.S. at 248, or upon conclusory statements in affidavits, *Palucki v. Sears, Roebuck & Co.*, 879 F.2d 1568, 1572 (1989).

In evaluating a motion for summary judgment, the court must draw all inferences in a light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). However, it is "not required to draw every conceivable inference from the record - only those inferences that are reasonable." *Bank Leumi Le-Israel, B.M. v. Lee*, 928 F.2d 232, 236 (7th Cir. 1991).

### 3. Relevant Undisputed Facts

The plaintiff was incarcerated at FLCI at all times relevant to this action. The defendant, referred to in the complaint as "Lt. Schulder," has since been identified as Lt. Brian J. Schueler. The complaint alleges that defendant Schueler failed to protect the plaintiff from physical harm from another inmate, thereby violating the plaintiff's civil rights.

The plaintiff alleges that on March 25, 2004, he was "struck in the head with a lock in a sock and savagely attacked by inmate defendant Charles Williams." (Complaint at III ¶ 1A). The plaintiff reported the attack to the "officer on duty." (Defendant's Ex.1001 at I). The plaintiff alleges that in response to his complaints, prison staff members, not including defendant Schueler, would make statements such as "Tough!" "You don't like it, don't come to prison," "Get used to it, this is prison pal," and "What the hell do you want me to do?" (Complaint at III-IV ¶ 1B). The plaintiff alleges that defendant Schueler had on "countless times" pointed him out to other staff members and inmates, calling the plaintiff a troublemaker and a snitch, "thereby further fueling the fire and increasing the risk of harm to petitioner." (Complaint at IV ¶1D). Following the attack from inmate Williams, the plaintiff was examined and "then placed in T.L.U. to be checked some days later." (Complaint at V ¶ 2B). He was given two tablets of "non-aspirin" pain reliever every four hours. *Id.*

On March 30, 2004, the plaintiff filed an inmate complaint with the Institution Complaint Examiner. (Affidavit of Thomas J. Gozinske [Gozinske Aff.] ¶ 14.) The plaintiff stated that defendant Schueler, as the "investigating officer," had been seen several times speaking to inmate Williams but that plaintiff himself was never interviewed. (Complaint at VI ¶ 2D ). The plaintiff asked to speak to someone about battery charges against inmate Williams and to speak to someone about Capt. Maxwell and the second shift officers working in Unit 3 on March 25, 2004. (Defendant's Ex. 1001 at I).

The inmate complaint was received by Institution Complaint Examiner Tom Gozinske on April 1, 2004. (Gozinske Aff. ¶ 14, Defendant's Ex. 1001 at I). The complaint was rejected for stating more than one issue, (Gozinske Aff. ¶ 15) and because the plaintiff had yet to contact Capt. Maxwell and the Health Services Unit (H.S.U.) to resolve the problem. (Defendant's Ex. 1001 at II). The plaintiff states that he had a conversation with Capt. Maxwell, but "not one word was said about (14 day) time frame." (Defendant's Ex.1003 at IV).

On July 31, 2004, the plaintiff refiled an inmate complaint related to the March 25, 2004 incident. (Gozinske Aff. ¶ 17). It was received on August 2, 2004 and Institution Complaint Examiner Gozinske rejected it as beyond the 14 calendar days limit. (Gozinske Aff. ¶ 17). On August 3, 2004, the plaintiff filed for review of the rejected complaint with the Reviewer's Office. (Defendant's Ex.

1003 at 4). On August 4, 2004, the Reviewer's Office received the request for review. (Gozinske Aff. ¶ 20). On August 10, 2004, the Reviewer's Officer rejected the complaint as beyond the 14 calendar days limit. (Gozinske Aff. ¶ 21).

## DISCUSSION

The defendant contends that this case should be dismissed because: 1) the plaintiff has failed to exhaust his administrative remedies as required by the Prison Litigation Reform Act, and 2) the plaintiff has not stated a failure to protect claim against defendant Schueler.

### 1. Exhaustion of Administrative Remedies

The defendant argues that the plaintiff failed to exhaust his administrative remedies because his inmate complaint was untimely. The Prisoner Litigation Reform Act of 1995 (PLRA), Pub. L. 104-134, 110 Stat. 1321 (1996), provides that

[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997(e)a. Exhaustion of administrative remedies is a condition precedent to suit. *Dixon v. Page*, 291 F.3d 485, 488 (7th Cir. 2002) (citing *Perez v. Wis. Dep't of Corrs.*, 182 F.3d 532, 535 (7th Cir. 1999)). Section 1997e applies

to "all inmate suits, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002).

The Inmate Complaint Review System (ICRS) within the Wisconsin prisons is the administrative remedy available to inmates with complaints about prison conditions or the actions of prison officials. Wis. Admin. Code § DOC 310.01(2)(a). The Wisconsin Administrative Code specifically provides that before an inmate may commence a civil action, the inmate shall exhaust all administrative remedies that the Department of Corrections has promulgated by rule. Wis. Admin. Code § DOC 310.05. The ICRS is available for inmates to "raise significant issues regarding rules, living conditions, staff actions affecting institution environment, and civil rights complaints." Wis. Admin. Code § DOC 310.08(1).

In order to use the ICRS, an inmate must file a complaint with the inmate complaint examiner within 14 days after the occurrence giving rise to the complaint. Wis. Admin. Code §§ DOC 310.07(1) and 310.09(6). Complaints filed by an inmate or a group of inmates shall contain only one issue per complaint and shall clearly identify the issue. Wis. Admin. Code DOC §§ 310.09(1) and 310.09(1)(e). Prior to accepting the complaint, the Inmate Complaint Examiner may direct the inmate to attempt to resolve the issue.

Wis. Admin. Code DOC § 310.09(4). After reviewing and acknowledging each complaint in writing, the inmate complaint examiner either rejects the complaint or sends a recommendation to the "appropriate reviewing authority." Wis. Admin. Code §§ DOC 310.11(2) and 310.11(11). The appropriate reviewing authority makes a decision within 10 days following receipt of recommendation. Wis. Admin. Code § DOC 310.12(1). Within 10 days after the date of the decision, a complainant dissatisfied with a reviewing authority decision may appeal that decision by filing a written request for review with the corrections complaint examiner. Wis. Admin. Code § DOC 310.13(1). The corrections complaint examiner reviews the appeal and makes a recommendation to the Secretary of the Department of Corrections. Wis. Admin. Code § DOC 310.13(6). The Secretary may accept, adopt, or reject the correction complaint examiner's recommendation, or return the appeal to the corrections complaint examiner for further investigation. Wis. Admin. Code § DOC 310.14(2).

It is undisputed that on March 25, 2004, the plaintiff was struck with a lock in a sock by inmate Williams. On March 30, the plaintiff filed an inmate complaint that was rejected because 1) it stated more than one issue, and 2) the plaintiff had failed to resolve the issue with Capt. Maxwell and H.S.U. The plaintiff did not file another inmate complaint within 14 calendar days of the

March 25, 2004 incident. The next complaint related to the March 25 incident was filed July 31, 2004. This complaint was rejected as untimely.

The defendant asserts that the inmate complaint filed on March 30 was untimely. The inmate complaint was in fact timely filed, but it was rejected for stating more than one issue and because the plaintiff had not contacted Capt. Maxwell to resolve the issue. Each inmate complaint shall contain only one, clearly identified issue. Wis. Admin. Code DOC §§ 310.09(1) and 310.09(1)(e). An Institution Complaint Examiner shall return a submission that does not meet this requirement. Wis. Admin. Code DOC § 310.09(3). Furthermore, an Inmate Complaint Examiner may direct an inmate to attempt to resolve the issue before accepting a complaint. Wis. Admin. Code DOC § 310.09(4).

The plaintiff's *second* inmate complaint filed on July 31 was untimely because it was not filed within 14 calendar days of the attack. An inmate complaint may be rejected if it is submitted beyond 14 calendar days from the date of the occurrence giving rise to the complaint. Wis. Admin. Code DOC § 310.11(5).

The plaintiff asked for an extension of "the time frame so as to have (sic) complaint accepted," but he gave no reason for an extension other than being "unaware" of the filing requirement. In response to the defendant's motion to dismiss, the plaintiff stated that "records will show that plaintiff did full (sic)

exhaust administrative remedies." In response to the court's request that he submit documents pertinent to the defendant's motion for summary judgment, the plaintiff stated "all documents show that not only did plaintiff exhausted (sic) all administrative remedies, they will also show all the deliberate cover ups and delays forced on plaintiff." The plaintiff, however, has not included or identified any such records or documents.

Prison regulations provide that inmate complaints submitted later than 14 days after the event may be accepted for good cause. Wis. Admin. Code § DOC 310.09(6). However, the fact that the state has the discretion to entertain untimely filed inmate complaints and appeals does not mean that such filings constitute "exhaustion," for "this position would leave § 1997e(a) without any oomph." *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002). "To exhaust remedies, a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Id.* at 1025. The plaintiff's inmate complaint was dismissed as untimely and therefore he has not exhausted administrative remedies. *Id.*

The undisputed facts establish that the plaintiff failed to exhaust administrative remedies. Therefore, the defendant's motion for summary judgment will be granted.

Accordingly,

IT IS ORDERED that the defendant's motion for summary judgment (Docket # 04-C-857) be and the same is hereby GRANTED; and,

IT IS FURTHER ORDERED that the Clerk of Court enter judgment granting the defendant's motion to dismiss pursuant to 28 U.S.C. § 1915(e)(2)(A) and dismissing this action and the plaintiff's claims with prejudice.

Dated at Milwaukee, Wisconsin, this <u>1st</u> day of September, 2005.

BY THE COURT:

s/ J. P. Stadtmueller
J. P. Stadtmueller
U.S. District Judge

- 14 -
Case 2:04-cv-00857-JPS   Filed 09/01/05   Page 14 of 14   Document 36